UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
|---|---|---|---|
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael York | Tucker Byrd |
| | Jennifer Hasso |

**Proceedings:** TELEPHONE HEARING ON DEFENDANT'S CAPITAL HEALTH PARTNER'S, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, FOR FORUM NON CONVENIENS, OR, IN THE FURTHER ALTERNATIVE, MOTION TO STAY ACTION (Dkt. 8, filed on November 12, 2020)

## I.    INTRODUCTION

Plaintiff Skanda Group of Industries, LLC ("Skanda"), filed this action on September 4, 2020, in the Los Angeles County Superior Court against defendant Capital Health Partner, LLC ("Capital Health"). See Dkt. 1, Exh. A ("Compl."). Plaintiff's complaint raises a single claim for declaratory relief regarding a term in a contract entered into by the parties. Id. ¶¶ 5–13.

On November 5, 2020, defendant removed the action based on diversity jurisdiction. Dkt. 1 ("Removal") ¶ 3. (Defendant argues the removal is timely because defendant was served with the complaint on October 6, 2020. Id. ¶ 7.) On November 11, 2020, defendant filed a motion to dismiss for lack of personal jurisdiction, see Fed. R. Civ. P. 12(b)(2), or based on *forum non conveniens*, along with a request for judicial notice, dkt. 8 ("MTD"). Alternatively, defendant requests a stay pending completion of a related state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

proceeding in Florida. Plaintiff opposed on November 30, 2020, dkt. 11 ("Opp."), and defendant replied on December 7, 2020, dkt. 12 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff has access to various manufacturers, distributors, and resellers of personal protective equipment ("PPE"). MTD at 9. Plaintiff is an LLC which at all relevant times had its principal place of business in Los Angeles, California. Compl. ¶ 1; Removal ¶ 5. However, from August 2017, through September 8, 2020, plaintiff was registered as a Louisiana limited liability company. MTD at 9.[1] On September 8, 2020, it was converted to a California limited liability company. Id. Plaintiff has two members, one of whom is a citizen of India (Nagendra Karri), the other of California. Removal ¶ 5.

Defendant's primary business consists of sales of disinfectant products. MTD at 11–12. Defendant is a Texas limited liability company with offices in Florida and Texas. Dkt. 8-1, Declaration of David Schieffelin ("Shieffelin Decl.") ¶ 2; Compl. ¶ 2; Removal ¶ 5. Defendant has four members, three of whom are citizens of Florida (including Stacey Schieffelin and David Schieffelin), and one of whom is a citizen of Texas. Removal ¶ 5; Schieffelin Decl. ¶ 2. Plaintiff alleges defendant does business in California, Opp. at 2–3;

---

[1] Defendant requests that the Court take judicial notice of plaintiff's Registration of LLC published by the State of Louisiana Secretary of State, and its LLC Articles of Organization – Conversion published by the California Secretary of State. See dkt. 8-2 ("RJN"). Both documents were retrieved from the respective Secretaries of State's websites. The Court grants defendant's RJN with respect to these two requests, see L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (taking judicial notice of information on California Secretary of State's website), and denies the remainder of the RJN as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

nevertheless, defendant is not registered to do business in the State of California and does not maintain an agent for service of process there, Schieffelin Decl. ¶ 13.

On March 30, 2020, plaintiff approached defendant to negotiate a deal whereby defendant would find buyers for PPE sourced by plaintiff, and plaintiff would pay defendant a commission for each sale plaintiff made. MTD at 9. The negotiations were conducted via phone and email by Stacey Schieffelin, David Schieffelin and Karri. Dkt. 11, Declaration of Nagendra Karri ("Karri Decl.") ¶¶ 3, 4. Although defendant contends plaintiff approached defendant "in Florida," Schieffelin Decl. ¶ 3, and that the Schieffelins were in Florida while they negotiated the deal, Schieffelin Decl. ¶ 4, Karri responds that "at all times during the transaction I believed that I was dealing with a Texas company," Karri Decl. ¶ 3; see MTD at 10. Plaintiff's complaint does not allege where the contract was negotiated.

On April 2, 2020, Capital Health and Skanda entered into the commission agreement ("Agreement") at issue here. Compl. ¶ 6; see Dkt. 8-1, Schieffelin Decl., Exh. A. Pursuant to the Agreement, plaintiff agreed to pay defendant "a commission of 5% (five percent) on all revenue generated" from sales made to customers referred by defendant. Compl. ¶ 7; Agreement at 1. Defendant contends plaintiff sent the Agreement to David Schieffelin in Florida, and that David Schieffelin executed the Agreement on behalf of defendant in Florida. Schieffelin Decl. ¶ 6; MTD at 10. The Agreement is addressed to Capital Health Partners at its Irving, Texas address. Agreement at 1. The letterhead lists plaintiff's Los Angeles, California address. Id.

Over the course of the parties' relationship, defendant referred some potential buyers to plaintiff, but only one resulted in a sale: ProForma, Inc. ("ProForma"). MTD at 10. According to defendant, ProForma maintains its principal office in Florida. Id. at 11. (Defendant avers that none of the potential customers were California entities or had their principal place of business in California, and that no representative of defendant traveled to California in connection with the Agreement. Id. at 10.) ProForma made a significant purchase of PPE, based upon which defendant requested a commission of $3,100,000, which is ostensibly five percent of the gross revenue from the sale. Compl. ¶ 10; see MTD at 12. Plaintiff refused to pay that amount, instead responding that the intent of the Agreement was for the commission to be five percent of net revenue, not gross revenue, and thus that the commission should be $250,000. Compl. ¶¶ 8–10; see MTD at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

Therefore, in June 2020, defendant advised plaintiff that it would pursue litigation. MTD at 12.

Before defendant filed suit, plaintiff filed the instant action in the Los Angeles County Superior Court on September 4, 2020. Id. Thereafter, on September 29, 2020, defendant filed suit against plaintiffs in Orange County, Florida (Case No. 2020-CA-009720). Id.

Defendant now argues that plaintiff's claims should be dismissed for lack of personal jurisdiction, see Fed. R. Civ. P. 12(b)(2), or based on *forum non conveniens*, MTD at 13. The Court interprets defendant's motion to dismiss based on *forum non conveniens* as a motion to transfer to the District Court for the Middle District of Florida,[2] pursuant to 28 U.S.C. § 1404(a). See Judge Virginia A. Phillips, Judge Karen L. Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 4-L, § 4:835 (April 2020) ("*Forum non conveniens* remains viable in federal courts where the proposed alternative forum is a foreign country. But where it is a different federal district, *forum non conveniens* has been replaced by § 1404(a), which allows transfer from one district to another.").

### III. LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the "plaintiff bears the burden of establishing that jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in

---

[2] The seat of Orange County, Florida, where the related state court suit has been filed, is Orlando; Orlando is in the Middle District of Florida. See dkt. 8-1, Schieffelin Decl., Exh. B (state court filing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)).

## IV. DISCUSSION

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55. "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto, 539 F.3d at 1015. "For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the types of contacts a defendant may have with the state or district, a court may exercise either general or specific jurisdiction. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1776 (2017).

### A. General Jurisdiction

Defendant argues that "[t]he Court does not have general jurisdiction over Capital Health because it fails to satisfy the 'essentially at home' test to establish a presence in California." MTD at 14. Plaintiff does not meaningfully dispute that the Court lacks general jurisdiction over defendant. See Opp. at 4.

Where general jurisdiction is established, a court may hear any claim against that defendant—even where the suit-related events occurred outside the forum district. Briston-Myers Squibb Co., 137 S. Ct. at 1780. For this reason, establishing general jurisdiction is a high bar. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

corporation is fairly regarded as at home." Id. (citations omitted). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Otherwise, "for general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts.'" Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223–24 (9th Cir. 2011) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

Here, the Court cannot exercise general jurisdiction over defendant because defendant cannot fairly be regarded "at home" in California. Defendant is organized under the laws of Texas, has offices in Texas and Florida, and has members who are citizens of Texas and Florida; it is not registered to do business in California. Compl. ¶ 2; Removal ¶ 5. It is therefore not at home in California. See Bristol-Myers Squibb, 137 S. Ct. at 1780. And to the extent plaintiff argues the exercise of general jurisdiction is proper because defendant "does business in California," Opp. at 2, the Court disagrees because any business defendant does in California is insufficiently "continuous and systematic" to establish general jurisdiction, Mavrix Photo, 647 F.3d at 1223–24 (quotation omitted).

**B.    Specific Jurisdiction**

Defendant argues "this Court does not have specific jurisdiction over Capital Health" because "Capital Health lacks sufficient minimum contacts with the state." MTD at 15. Plaintiff responds that the Court has specific jurisdiction because "Defendant CHP[] entered into an agreement and consummated a transaction with a resident of California, Plaintiff Skanda," and because "Defendant CHP also does business in California." Opp. at 5. Furthermore, plaintiff argues "[t]he claim arises out of the 'commission agreement' that Defendant CHP entered into with Plaintiff Skanda." Id.

Although "[t]he specific personal jurisdiction inquiry is 'defendant-focused,'" Matus v. Premium Nutraceuticals, LLC, 715 F. App'x 662, 662 (9th Cir. 2018) (quoting Walden v. Fiore, 571 U.S. 277, 283–84 (2014)), courts exercise specific jurisdiction with regard to the particular claims at issue, Bristol-Myers Squibb, 137 S. Ct. at 1781 ("What is needed … is a connection between the forum and the *specific claims* at issue." (emphasis added)). In order for a court to exercise specific jurisdiction over a claim, "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

or an occurrence that takes place in the forum State.'" Id. (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Id. (citation omitted).

The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Id.

    1.    Purposeful Availment

Plaintiff argues defendant has purposefully availed itself of the laws of California because it: (1) "does business in California," and (2) "had actual knowledge that Plaintiff Skanda was based in California" when it entered into the Agreement. Opp. at 5. Defendant argues that even if "the parties entered the Agreement 'in Los Angeles, California'—an assertion refuted by Capital Health's Declaration—that assertion … would be insufficient to confer specific jurisdiction." MTD at 17. Defendant adds that the fact that plaintiff maintains an office in California is insufficient to establish purposeful availment where "[n]othing else about the relationship of the parties and the performance and breach of the Agreement has any connection to California." Id.

As a point of departure, "availment and direction are ... two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

tort." Schwarzenegger, 374 F.3d at 802; Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) ("For claims sounding in contract, we generally apply a 'purposeful availment' analysis."). Here, although the suit is for declaratory relief, it sounds in contract, and the Court applies the purposeful availment standard.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802; see also Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) ("Purposeful availment requires that the defendant have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.") (quotations omitted). However, "[a] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." Picot, 780 F.3d at 1212 (quoting Boschetto, 539 F.3d at 1017); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). "A contract is only an intermediate step that connects prior negotiations with future consequences, the real object of a business transaction." LocusPoint Networks, LLC v. D.T.V., LLC, No. 3:14-CV-01278-JSC, 2014 WL 3836792, at *4 (N.D. Cal. Aug. 1, 2014). Instead, "there must be actions by the defendant himself that create a substantial connection with the forum State." Picot, 780 F.3d at 1212. "Therefore, courts consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine 'whether the defendant purposefully established minimum contacts within the forum.'" LocusPoint Networks, 2014 WL 3836792, at *4 (quoting Burger King, 471 U.S. at 479).

### a. Prior Negotiations

The negotiations that preceded the contract do not support a finding that defendant purposefully availed itself of California. First, although Karri may have been in California when he negotiated the contract with defendant (the record is unclear), the Sheifellins never travelled to California to conduct any negotiations. See LocusPoint Networks, 2014 WL 3836792, at *5 ("The location of the negotiations does not support purposeful availment because Defendant never traveled to California to conduct any negotiations."). Similarly, the fact that plaintiff solicited the deal with defendant cuts against finding purposeful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

availment. See id. at *5 (considering, but not relying on, fact that "Plaintiff, rather than Defendant, made the 'initial contact' that eventually resulted in contract negotiations"). Furthermore, the Agreement was negotiated by phone and email. See Roth v. Garcia Marquez, 942 F.2d 617, 622 (9th Cir.1991) ("[U]se of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." (quotation omitted)). The negotiation lasted only three days. And when defendants signed the Agreement, they did so in Florida, not California. See Smartstop Self Storage Operating P'ship L.P. v. Can-Dev, ULC, No. SACV 15-01415 CJC (DFMx), 2015 WL 13322430, at *3 (C.D. Cal. Oct. 26, 2015) (no purposeful availment in part because "Can-Dev did not even sign the contracts in California—they were sent to its offices in North Carolina for execution"). Accordingly, the negotiations that preceded the Agreement do not support a finding of purposeful availment.

### b. Terms of the Contract

Similarly, the terms of the Agreement do not favor a finding of purposeful availment. "Terms that provide fair notice to a defendant that he may possibly be subject to suit in the forum state weigh in favor of a purposeful availment finding." LocusPoint Networks, 2014 WL 3836792, at *6 (citing Burger King, 471 U.S. at 463). Here, the terms of the contract do not weigh in favor of finding purposeful availment. On the one hand, the Agreement does list plaintiff's Los Angeles address on the letterhead. Id. at *7 ("Plaintiff's California address in the Agreement does favor a finding of specific jurisdiction."). But on the other hand, the Agreement does not include a California choice of law provision, does not require performance in California, does not require solicitation of California customers, and does not mention California in any other way. See NationalEFT, Inc. v. Checkgateway, L.L.C., No. 12CV1498-WQH-JMA, 2013 WL 593759, at *9 (S.D. Cal. Feb. 15, 2013) (no purposeful availment where the contract "d[id] not mention California except when listing Plaintiff's mailing address"). On balance, the terms of the contact cut against finding purposeful availment.

### c. Contemplated Future Consequences

Furthermore, the future consequences contemplated by the parties do not favor a finding of purposeful availment. "Parties who reach out beyond one state and create

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | |

continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King, 471 U.S. at 473 (quotation omitted). Here, although the Agreement contemplates an ongoing relationship between the parties, it does not commit defendants to anything more than providing sales leads to plaintiff in California. Here, the evidence is insufficient to permit the Court to determine what future consequences were contemplated by the parties.

### d. Actual Course of Dealing

The actual course of dealing likewise does not favor a finding of purposeful availment. Most importantly, although defendant apparently sent plaintiff "some" sales leads, these leads were not California leads, and defendant did not perform any part of the Agreement in California. See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 816 (9th Cir. 1988) (no purposeful availment where "no authorized agents of [defendant] were alleged to have performed or executed any portion of the contract in California"). Furthermore, to the extent plaintiff argues specific jurisdiction exists because plaintiff performed its portion of the Agreement in California, the argument fails because plaintiff's actions are irrelevant in establishing whether defendant purposefully availed itself of California's laws. See McGlinchy, 845 F.2d at 816 ("[Plaintiffs]' statement that they performed 90% of their activities in the Bay Area, even if accurate, describes only unilateral activity.... [S]uch activity fails to create personal jurisdiction over [defendant]."). Finally, the allegations that defendant "does business" in California unrelated to the Agreement is insufficient to establish specific jurisdiction. See NationalEFT, 2013 WL 593759, at *9 ("The allegations and evidence that Checkgateway does business with California businesses unrelated to the contract at issue are not sufficient to confer specific personal jurisdiction."); Goodyear, 564 U.S. at 919 ("In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (quotation omitted)).

Accordingly, the Court finds that plaintiff has failed to establish that defendant purposefully availed itself of California's laws such that specific jurisdiction over defendant is proper here. Because plaintiff has failed to satisfy the purposeful availment prong of the Ninth Circuit's personal jurisdiction test, personal jurisdiction is not established in California. Schwarzenegger, 374 F.3d at 802 (noting that "[i]f the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:20-CV-10189-CAS-MRWx | Date | December 21, 2020 | |
| Title | SKANDA GROUP OF INDUSTRIES, LLC v. CAPITAL HEALTH PARTNER, LLC, ET AL. | | | |

fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state").

Because the Court concludes personal jurisdiction is lacking, it does not reach defendant's arguments that California is an inconvenient forum, MTD at 21, or that the Court should stay the proceeding in favor of the Florida proceedings, id. at 23.

## V.    CONCLUSION

According to the foregoing, the Court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of personal jurisdiction.

IT IS SO ORDERED.

|  |  | 00 | : | 03 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |